IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY GAMACHE,<br><br>          Plaintiff,<br><br>          v.<br><br>STATE OF DELAWARE,<br><br>          Defendant. | :<br>:<br>:<br>:<br>:<br>: Civ. No. 11-204-LPS<br>:<br>:<br>:<br>:<br>: |

Gregory Gamache, St. Charles, Missouri, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 6, 2011
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Gregory Gamache ("Gamache") of St. Charles, Missouri, filed this civil action on March 9, 2011. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.

## II. BACKGROUND

Gamache filed this complaint seeking the immediate passage of a state law to protect citizens from the use of electronic weapons. According to the Public Access to Court Electronic Records website, within the past five months Gamache has filed over eighty actions in numerous other federal courts raising issues over electronic weapons.

## III. STANDARD OF REVIEW

The Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989; *see also Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the

factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV. DISCUSSION

The State of Delaware is the sole defendant. The Eleventh Amendment of the United States Constitution protects a non-consenting state from a suit brought in federal court by a citizen of another state, regardless of the relief sought. *See* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984); *Edelman v. Jordan,* 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court. Hence, Gamache's claim against the State of Delaware is barred by

the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).

Gamache's claim against the State of Delaware has no arguable basis in law or in fact, is frivolous, and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order follows.